**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID FRANK CAMPEAU, *et al.,* | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:21-280 |
| v. | : | (MANNION, D.J.) |
| EDWARD SANDERCOCK, *et al.,* | : | |
| Defendants | : | |

## <u>ORDER</u>

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Martin C. Carlson, (Doc. 15), which recommends that the defendant Edward Sandercock's motion to dismiss, (Doc. 11), be granted and that the plaintiffs David Frank Campeau and Christin Campeau's Complaint, (Doc. 1), be dismissed. Campeau filed objections to the Report.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

In his Report, Judge Carlson observes that the plaintiffs are attempting to relitigate claims that Pennsylvania's marriage statutes are unconstitutional—claims which have been thoroughly considered and rejected by various courts for the past six years. More particularly, the plaintiffs bring this case approximately five years after they first identified their legal claim with a lawsuit in the Commonwealth Court of Pennsylvania in December 2015. In light of the two-year statute of limitations, Judge Carlson recommends that the court grant the defendant Edward Sandercock's motion to dismiss and dismiss the Complaint as time-barred

since the plaintiffs were aware of their grievances with Pennsylvania's marriage statutes for more than five years prior to filing the present Complaint.

Although the plaintiffs have filed objections, they do nothing to dissuade the court from adopting the Report. The plaintiffs' objections first take issue with extraneous matters such as Judge Carlson's accurate observation that plaintiff David Frank Campeau is a "prodigious, but prodigiously unsuccessful, *pro se* litigant." (Doc. 15, at 1).

The plaintiffs also argue that having a grievance with a statute, knowing a statute is unconstitutional, or having knowledge of potential consequences of a statute cannot be considered events that would begin the accrual of the statute of limitations for a Section 1982 claim. Instead, they argue "it is when a claimant discovers a person, subjected, or caused to be subjected, the claimant to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, while acting under color of state law." (Doc. 18, at 4-5). This is a distinction without a difference, however, since the plaintiffs initially brought substantially the same claims as they allege now and thus they had indeed "discovered" they were subject to the alleged deprivation of their rights when they filed their initial complaint.

In their third objection, the plaintiffs argue that, contrary to the Report, their prior claims were never thoroughly considered. The plaintiffs then proceed to criticize the Commonwealth Court's disposition of their claims, calling its reasoning "bogus" and stating that it "makes no logical sense." (Doc. 18, at 5, 6). However, the fact that the plaintiffs' claims were not addressed as thoroughly as they would have liked or resolved in their favor does not equate to a lack of consideration of their claims.

Finally, the plaintiffs contend that they "[d]iligently" attempted to protect their rights and yet the Report incorrectly "insinuate[s]" that they have not been diligent in seeking a remedy. Although the plaintiffs discuss several tragic events they experienced in recent years, this does not change the fact that the statute of limitations has run on their claims. Similarly, contrary to the plaintiffs' stated belief, their choice to pursue their claims with "the USCIS" did not excuse them from filing their claims within the requisite statute of limitations. Accordingly, the plaintiffs' objections will be overruled.

The court has conducted a thorough review of all pertinent filings and finds the Report of Judge Carlson to be well-reasoned and well-supported. As such, the court will adopt the Report in its entirety as the decision of the court.

Finally, the court notes that the defendant Kathleen Bausman also recently filed a motion to dismiss. (Doc. 17). In light of the court's disposition on the Report, however, the motion will be denied as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The Report of Judge Carlson, (Doc. 15), is **ADOPTED IN ITS ENTIRETY**;

(2) The plaintiffs' objections to the Report, (Doc. 18), are **OVERRULED**;

(3) Campeau's Complaint, (Doc. 1), is **DISMISSED**;

(4) Bausman's motion to dismiss, (Doc. 17), is **DENIED AS MOOT**; and

(5) The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 18, 2021**
21-280-01